UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN COLLINS,

        Plaintiff,

v.

VANESSA FANG, et al.,

        Defendants.

_____/

Hon. Paul L. Maloney

Case No. 1:26-cv-0849

## REPORT AND RECOMMENDATION

Plaintiff initiated this action March 16, 2026, against Vanessa Fang, Elyssa O. Slutzky, and Javier E. Ortiz.    (ECF No. 1).    Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.    Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).    As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "    *Ashcroft v. Iqbal*, 556 U.S.

1

662, 677-78 (2009).   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   *Id.* at 678.   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*.   First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.   Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .   Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.   But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (citations omitted).

In his 3-line complaint, Plaintiff merely alleged that "Defendants delayed the ruling," "[t]his case [was] brought on diversity," and "Plaintiff demand[ed] damages over $75,000."   (ECF No. 1, PageID.1).   Plaintiff failed to allege facts sufficient to state a viable cause of action.   However, rather than dismiss Plaintiff's complaint, the Court afforded Plaintiff an opportunity to amend his complaint to address these deficiencies. (ECF No. 6).   Plaintiff's deadline to amend his complaint was April 2, 2026.   (*Id.*).   On April 6th, 10th, 24th, and 27th of 2026, copies of the Court's Orders filed at ECF Nos. 3,4,5 and 6 were returned as either unable to forward or insufficient address.   (ECF

2

Nos. 7-10). Plaintiff has failed to comply with the Court's Order. Accordingly, the undersigned recommends that this matter be dismissed for failure to state a claim on which relief may be granted.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* FED. R. CIV. P. 41(b); *see also* W.D. MICH. LCIVR 41.1 ("[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution").

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed with prejudice.   Plaintiff's repeated failures to comply with the Court's Order is willful.   Plaintiff's conduct unfairly prejudices Defendants' ability to defend against Plaintiff's claims.   Plaintiff was expressly warned that failure to comply with the Court's Order may result in dismissal of his claims.   Finally, the undersigned finds that under the circumstances a lesser sanction is insufficient.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted.   For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: April 30, 2026                                 /s/ Phillip J. Green
                                                      PHILLIP J. GREEN
                                                      United States Magistrate Judge

4